IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

            Plaintiff,

v.                                     Case No.  18-10027-02-JWB

CHRISTIAN L. DIXON,

            Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant Christian Dixon's motion for sentence reduction and release from custody.  (Doc. 99.)  Defendant seeks early release due to his underlying health conditions and the current COVID-19 pandemic.  The motion has been fully briefed and the court is prepared to rule.  (Docs. 102, 104, 105.)  For the reasons stated herein, Defendant's motion is denied.

### I.       Facts and Procedural History

On November 5, 2018, Defendant pleaded guilty to one count of using or carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).  (Doc. 80.)  On February 19, 2019, Defendant was sentenced to 60 months in prison.  (Doc. 88.)  Defendant was detained on the day of sentencing.  Defendant is currently incarcerated at El Reno FCI.  There are currently 145 active COVID-19 cases at El Reno FCI.  Overall, 141 inmates and one staff member have recovered from COVID-19 and there is one recorded inmate death at the facility.  Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited November 2, 2020).  With good time credits, Defendant's current projected release date is May 8, 2023.  (Doc. 104 at 4.)

On September 24, 2020, Defendant filed a motion seeking early release due to his health conditions that make him more susceptible to serious health complications should he contract COVID-19.  (Doc. 99.)  The government opposes Defendant's motion for release on the basis that the sentencing factors do not weigh in favor of a sentence reduction to a time served sentence. (Doc. 104.)  On October 17, Defendant tested positive for COVID-19.  The medical records show that his symptoms at the time of diagnosis were fever and body aches.  (Doc. 105, Exh. 1.)

Defendant submits that upon release he would live with his girlfriend, Shakiea Bennett, and his children in Wichita, Kansas.  (Doc. 99, Exh. 1.)  Defendant sought the appoint of counsel to assist him with his compassionate release motion.  (Doc. 99 at 6.)  District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act.  Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic.  Here, the FPD entered an appearance to represent Defendant and filed a supplemental brief in support of Defendant's motion and a reply brief. (Docs. 102, 105.)

## II.     Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act.  Now, a defendant may file his own motion for release if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf."  *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (citation omitted); *see also* 18 U.S.C. § 3582(c)(1)(A).  This requirement is jurisdictional.  *Id.*

Next, the court may reduce Defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) ... and a determination has been made … that the defendant is not a danger to the safety of any other person or the community."  18 U.S.C. § 3582(c)(1)(A)(i-ii).  The court must also ensure that any sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  There are four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other extraordinary and compelling reasons.  U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

Defendant bears the burden of establishing that compassionate release is warranted under the statute.  *See, e.g., United States v. Dial,* No. 17-20068-JAR, 2020 WL 4933537 (D. Kan. Aug. 24, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020).

### III.    Analysis

Defendant seeks compassionate release on the basis of the extraordinary and compelling circumstance of having underlying health conditions that make Defendant more susceptible to contracting COVID-19 and at risk for complications as a result.  The government argues that a sentence reduction is not appropriate in this case under the statutory sentencing factors.

#### A.  Exhaustion

Defendant has satisfied the exhaustion requirement.  Defendant requested relief on April 25, 2020, and his request was denied on April 27.  (Doc. 99, Exh. 2.)

#### B.  Extraordinary and Compelling Circumstance

Defendant argues that extraordinary and compelling circumstances are met here due to his health conditions which would place him at a higher risk of complications from COVID-19.  Based on Defendant's medical records, he is morbidly obese, has hypertension, and pre-diabetes.  (Doc. 102 at 3-7.)  Defendant also argues that he suffers from increased risk because of his race, African-American, citing studies regarding hospitalization and death rates of African-Americans.  (*Id.* at 7-8.)  Defendant further argues that his long-term depression is an extraordinary and compelling reason that warrant a sentence reduction.

As discussed, extraordinary and compelling circumstances can be found if Defendant has a serious medical condition, from which he is not expected to recover, that substantially diminishes the ability to provide self-care within the environment of a correctional facility.  Extraordinary and compelling circumstances can also be found based on other reasons.  U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D).

The Department of Justice has identified risk factors that place inmates at higher risk of complications from COVID-19.  An inmate who has one of the factors identified by the Centers

for Disease Control and who is not expected to recover from that condition is deemed to have established an extraordinary and compelling reason allowing for consideration of compassionate release. (Doc. 104 at 13-14.) Those factors include severe obesity, diabetes, and hypertension. (*Id.*) The government concedes that Defendant's medical conditions allow for consideration of compassionate release because they are listed in the factors identified by the CDC. (*Id.* at 16-17.)

Therefore, due to Defendant's health conditions, Defendant is more susceptible to a higher risk of complications from COVID-19. The court finds that this may present an extraordinary and compelling circumstance and will move on to the sentencing factors.

## C. Sentencing Factors

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and also find that Defendant is not a danger to the safety of any other person or the community. *United States v. Reece*, No. 16-20088-JAR, 2020 WL 3960436, at *2, 7 (D. Kan. July 13, 2020). Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

In this case, Defendant pleaded guilty to using or carrying a firearm during a crime of violence. (Doc. 80.) According to the plea agreement and the presentence report, Defendant and his co-defendant, Johnell Carter, were engaged in sex trafficking, which included a minor victim, and robbing male victims who were meeting them to engage in sex acts. (*Id.* at 2; 85 at 6.) On October 8, 2016, Defendant and Carter robbed an individual by gunpoint after that individual had arranged to meet a female in an apartment through an online advertisement placed by Carter. (Docs. 80 at 2; 85 at 6.) Defendant had a shotgun during the robbery while Carter possessed a

handgun.  Carter hit the victim in the head with the handgun causing a laceration on his forehead. (Doc. 85 at 7.)  Both Carter and Defendant searched the victim and took his wallet, keys, and cellular phone.

Defendant was sentenced by this court to 60 months based on the parties' plea agreement. Due to potential good time credits, Defendant's sentence is currently projected to end May 8, 2023. (Doc. 104 at 4.)  Based on his sentencing date of February 19, 2019, which was the date he was remanded into the custody of the United States Marshals, Defendant has served approximately 21 months; therefore, Defendant has not yet served half of his imposed sentence at this time as there are approximately 30 months remaining when the credits are considered.[1]  The term of incarceration accordingly weighs against an early release.  *Cf. United States v. Collins*, No. 15-10188-EFM, 2020 WL 3971391, at *3 (D. Kan. July 14, 2020) (Defendant had already served the majority of her sentence).

While it is clearly regrettable that Defendant contracted COVID-19 while in custody, the circumstances surrounding Defendant's crime does not support a reduction in sentence.  Defendant pleaded guilty to a crime in which he robbed an individual by threat of force using a firearm. Moreover, although Defendant's sex trafficking charge was dismissed, Defendant's crime of conviction was related to his activities involving sex trafficking.  (Doc. 80.)  The court also recognizes that Defendant has completed classes while in custody and this is commendable. However, the court must take into consideration Defendant's criminal conduct, his sentence, and the other applicable sentencing factors.  Releasing Defendant after serving only 21 months of a 60-month sentence would undermine the need to "promote respect for the law," "afford adequate

---

[1] In his reply brief, Defendant argues that he has served approximately 50 percent of his sentence at this time.  (Doc. 105 at 3.)  Defendant, however, does not explain how he has served approximately half of his sentence, which was 60 months.  He has only served 21 months at this time and has 30 months remaining due to good time credits.  (*See* Doc. 99 at 2) (stating that Defendant had only served "1 year 6 months" at the time of filing the motion).

deterrence to criminal conduct," and "avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(2)(A), (B); (a)(6).  The court finds that the imposed 60-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved.

After considering the factors enumerated in § 3553(a), Defendant's motion to reduce his sentence to time served or, alternatively, sentence Defendant to time served and add a term of home confinement as a condition of supervised release is denied.

**IV.     Conclusion**

Defendant's motion for sentence reduction under § 3582 is DENIED.  (Doc. 99.)

IT IS SO ORDERED.  Dated this 4th day of November 2020.

_    s/ John W. Broomes            _
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE